UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY ZORRILLA,

                Plaintiff,

-against-

YOUTUBE; JOHN DOE,

                Defendants.

24-CV-2487 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this complaint invoking the court's federal question jurisdiction. He sues YouTube and a John Joe defendant, asserting defamation claims arising out of the posting of a video to YouTube. By order dated May 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, who resides in New York, New York, brings this action using the court's general complaint form and checks the box on the form to invoke the court's federal question jurisdiction. In response to the question asking which of his federal constitutional or federal statutory rights has been violated, he writes, "Defamation of character. Publicly viewed access without my consent/permission. Violation of my privacy."[1] (ECF 1, at 2.) Plaintiff alleges that the events giving rise to his claims occurred in Bronx County, New York, in 2021. He provides the following as his statement of claim:

> [t]he John Doe individual recorded me without my permission/consent and uploaded the footage on YouTube and YouTube allowed it without refusing his ability to posting it. He was negatively speaking to me and followed me throughout the street yelling obscene gestures.

(*Id*. at 5.)

## DISCUSSION

**A.    Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

1. **Federal question jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes federal jurisdiction but his claims of defamation do not arise under the Constitution or federal law. Such claims generally arise under state law. Because Plaintiff has not alleged facts suggesting a viable claim arising under federal law, the Court does not have federal question jurisdiction of this action.

## 2. Diversity jurisdiction

Claims of defamation arise under state law, and a federal court may consider them if it has diversity jurisdiction of the claims. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff does not satisfy his burden of alleging facts showing that the Court has diversity jurisdiction of this action. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (plaintiff bears the burden of establishing that diversity jurisdiction existed at the time the action was commenced). He indicates that he resides in New York, New York, but he does not plead any facts about Defendants' citizenships. Nor does Plaintiff meet his burden of alleging to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. He seeks the maximum in damages allowed, but he does not

4

allege any facts describing the losses he incurred or why Defendants should be held liable for any damages. Plaintiff therefore does not allege facts plausibly suggesting that he has suffered any damages as a result of the alleged defamation amounting to at least $75,000.00, the statutory amount required for diversity jurisdiction.

Because Plaintiff does not allege facts showing that the Court has either federal question or diversity of citizenship jurisdiction of this matter, the Court also dismisses Plaintiff's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court, however, grants Plaintiff leave to replead his state law defamation claims in an amended complaint in which he alleges sufficient facts to show that the Court has diversity of citizenship jurisdiction of this action. He must allege facts showing that: (1) he and any defendant named in the amended complaint are citizens of different states; and (2) his claims exceed the sum or value of $75,000.

**B.     Defamation**

Even if Plaintiff were to establish that the Court has diversity jurisdiction of this case, his factual allegations in this complaint do not suggest that he would have viable state law defamation claims against Defendants. In general, to state a claim for defamation under New York law, a plaintiff must allege: "(1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on part of the publisher; (4) that either constitutes defamation per se or caused 'special damages.'" *Gargiulo v. Forster & Garbus Esqs.*, 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009) (citing *Dillon v. City of New York*, 704 N.Y.S.2d 1, 5 (1st. Dept. 1999), Restatement (Second) of Torts, § 558). In addition, the statute of limitations for a defamation claim under New York law is one year. N.Y. C.P.L.R. § 215(3); *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009) (summary order). The limitations period begins to run from the date of the first publication of the

5

defamatory statement. *See Firth v. State*, 98 N.Y.2d 365, 369 (2002) (noting that the dissemination of an allegedly defamatory publication "gives rise to one cause of action and that the applicable statute of limitations runs from the date of that publication" (internal quotation marks and brackets omitted)).

Plaintiff asserts that he was defamed when the John Doe defendant posted a video to YouTube in 2021, in which he spoke "negatively" to Plaintiff, yelled, and made obscene gestures. (ECF 1, at 5.) Plaintiff does not identify any alleged false statements that the John Doe defendant published about him constituting defamation. Furthermore, it appears that the allegedly defamatory statements were published in 2021, more than one year before Plaintiff filed this action, making the defamation claims untimely.[2]

The Court grants Plaintiff leave to amend his complaint to provide additional facts in support of his claims and to allege any facts showing that the defamation claims are timely.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

---

[2] Where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading, the Court may dismiss the action *sua sponte*. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because the Court cannot say at this time that amendment would be futile, the Court, in an abundance of caution, grants Plaintiff 30 days' leave to replead his claims in an amended complaint. If Plaintiff wishes to proceed under the Court's diversity of citizenship jurisdiction, he must allege facts demonstrating that he and all of the defendants are citizens of different states and that his claims exceed $75,000.00. Plaintiff must also allege facts to state defamation claims and to show that such claims are timely.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff 30 days' leave to file an amended complaint in which he alleges facts sufficient to show that the Court has diversity of citizenship jurisdiction to consider this action. If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause as to why such failure should be excused, the Court will enter judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge